IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| L.L.S., : <br> : <br> Plaintiff, : <br> : <br> v. : CASE NO. 3:20-CV-113-MSH <br> : Social Security Appeal <br> COMMISSIONER OF : <br> SOCIAL SECURITY, : <br> : <br> Defendant. : | |

# ORDER

The Commissioner of Social Security, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for social security income ("SSI") finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations.  Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.  Both parties filed their written consent for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 1382c(3)(A). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 416.101 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(1). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* § 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). A claimant must have a "severe impairment," which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 416.920(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* § 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* § 416.920(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 416.920(a)(4)(v). In arriving at a decision,

3

the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* § 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for SSI on September 11, 2012, alleging that she has been disabled to work since August 1, 2012. Tr. 15. Her application was denied both initially on April 17, 2013, and on reconsideration on July 12, 2013. *Id.* Plaintiff timely requested an evidentiary hearing before an ALJ, and the hearing was held on April 29, 2015. *Id.* The ALJ found Plaintiff to be disabled—but only as of November 27, 2014—and awarded her benefits. Tr. 25. Plaintiff sought review of the onset date by the Appeals Council but was denied. Tr. 4.

In an action she then brought in this Court for judicial review of the final decision by the Commissioner regarding her onset date of November 27, 2014—instead of her application date of September 11, 2012—Plaintiff prevailed, and the Court ordered remand with instruction to the ALJ to explain why the Commissioner's regulation expressing a preference for awarding benefits on the onset date alleged in a claimant's application was disregarded. Order 5-6, *Shaw v. Berryhill*, No. 3:17-cv-64-MSH (M.D. Ga. Mar. 26, 2018), ECF No. 20. The ALJ conducted a second evidentiary hearing pursuant to the Court's remand order and again issued an unfavorable decision finding Plaintiff disabled as of November 27, 2014. Tr. 2652.

Plaintiff exhausted her administrative remedies for a second time and now brings this action for another judicial review of the Commissioner's decision regarding the date she alleges she became disabled to work. Pl.'s Br. 9, ECF No. 21. It should be noted that while the operative dates under consideration are Plaintiff's alleged onset date of August 1, 2012, and the ALJ's selected date of November 27, 2014, Plaintiff cannot receive SSI for any period preceding the month in which she filed her application for benefits. 20 C.F.R. §§ 416.330, 416.335. The relevant period under consideration, here, begins with Plaintiff's application date of September 11, 2012. Her case is again ripe for review. 42 U.S.C. §§ 405(g), 1383(c)(3).

## DISCUSSION

Plaintiff has severe impairments of obesity, cyclic vomiting disorder, gastroparesis, ulcerative colitis, and gastroesophageal reflux, and non-exertional impairments including opioid dependence associated with her long-standing and pervasive gastrointestinal disorders. Tr. 2644. Her medical records conclusively show that she has had sudden, sporadic, and uncontrollable emissions of vomitus multiple times daily, requiring emergency room care and in-patient hospitalizations well before her application date. Tr. 828-29, 837, 845-47, 903-13, 1885, 1986-88, 1990, 1996-2005, 2073-74, 2384. Plaintiff has been treated both on an in-patient and out-patient basis with Zofran, Phenergan, and other antiemetics, along with opioid medications such as Percocet, Dilaudid, and hydrocodone. Tr. 838, 858, 1902-03. Additionally, she has received antidepressants, anti-anxiety medication, hypodermic injections, and anticonvulsants to relieve her symptoms. Tr. 365-66, 1697-98, 1991. Plaintiff's intractable vomiting has caused abdominal pain and

5

hypokalemia.  Tr. 1996-2005.  It has also caused her to develop hyponatremia and vertigo. Tr. 1789.

That Plaintiff's cyclic vomiting disorder is disabling is no longer an issue.  When it became disabling is the only issue.  Clearly and indisputably, Plaintiff's treating doctors, attending her both as an inpatient and outpatient, characterized it as "intractable" as early as September 6, 2012.  Tr. 1717.  Plaintiff lost seventy pounds in the six months preceding a clinical presentation to her gastroenterologist on August 29, 2012.  Tr. 2028.  By September 12, 2012, she had developed systemic inflammatory response syndrome, early sepsis due to leukocytosis, and tachycardia all, according to her treating specialist, related to cyclic vomiting.  Tr. 2028.

Plaintiff's medical record is thousands of pages and while the Court could easily go through them all, pointing out her obvious suffering, enough is enough.  The Commissioner's regulations make it plain that the onset date alleged by the claimant should be used if it is consistent with the available evidence.  SSR 83-20, 1983-1991 Soc.Sec.Rep.Serv. 49, 1983 WL 31249, at *3 (Jan. 1, 1983).  The available evidence is both abundant and abundantly clear, and the regulation is controlling here.  Reversal for an award of benefits as of the application date is warranted where the record is fully developed and applying the correct legal standards establishes that Plaintiff is entitled to such benefits. *See Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  Here, "the record is fully developed and there is no need for additional evidence." *Id*.  The Court, therefore, reverses the Commissioner's decision and orders that Plaintiff's case be REMANDED to the Commissioner for an award of benefits as of Plaintiff's application date.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is reversed and remanded with direction to award benefits to Plaintiff as of her alleged onset date and consistent with the Social Security Act and the Commissioner's regulations.

SO ORDERED, this 24th day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE