## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

L.L.S.,                               :
                                      :
            Plaintiff,                :
                                      :
v.                                    :      CASE NO. 3:20-CV-113-MSH
                                      :         Social Security Appeal
COMMISSIONER OF                       :
SOCIAL SECURITY,                      :
                                      :
            Defendant.                :
_____  :

## ORDER

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal

Access to Justice ("EAJA") (ECF No. 26).  Counsel filed the motion for fees on April 19,

2022, requesting $9,660.90 for 57.70 total attorney and paralegal work hours at a rate

calculated for the date the time was billed.  Mot. for Att'y's Fees 2, ECF No. 26.  The

Commissioner responded by objecting to the number of hours requested.  Def.'s Resp. in

Opp. 1, ECF No. 27.  For the reasons explained below, Plaintiff's motion for attorney's

fees is granted.

### DISCUSSION

Plaintiff requests attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d).  The

EAJA is not limited to Social Security actions but allows civil litigants to recover attorney's

fees which are incurred in a case against the United States when the government's position

is not substantially justified.  *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989)

(discussing purpose of EAJA).  Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorney's fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the parties do not dispute that Plaintiff is the "prevailing party" and has incurred fees. *See generally* Def.'s Resp. in Opp. 1-6. The Commissioner argues, however, that Plaintiff's motion seeks non-compensable and unreasonably expended hours. *Id.* at 1. The United States Supreme Court detailed the procedure for handling motions for attorney's fees under the EAJA in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (*quoting* S. Rep. No.94-1011, p. 6 (1976)).

2

In support of her request for fees, Plaintiff provided an itemized ledger of each task completed and the affidavit of her attorney, Howard Olinsky, detailing the requested fees and hourly rates.  Mot. for Att'y's Fees, Attach. 1, at 1-3, ECF No. 26-1; Mot. for Att'y's Fees, Ex. B, at 2-4, ECF No. 26-3.   After review of Plaintiff's motion and the Commissioner's objections, the Court finds the hours Plaintiff requested were reasonable and did not consist of non-compensable time.   Therefore, the Commissioner's objections are overruled.

## CONCLUSION

Accordingly, Plaintiff's motion for attorney's fees (ECF No. 26) in the amount of $9,660.90 is hereby **GRANTED**.  The Commissioner shall determine after entry of this Order whether Plaintiff owes a debt to the government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for the collection of a federal debt from the amount awarded to Plaintiff.  If Plaintiff does owe a debt to the Government, his EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010), and the Commissioner shall notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

If the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commission may exercise its discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel, and shall act consistently with its stipulation that it will honor the assignment in the event

Plaintiff's EAJA award is not subject to a setoff.  *See McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (pre-*Ratliff* decision finding that *Reeves v. Astrue*, 526 F.3d 732, 734-35 (11th Cir. 2008), does not prevent an assignment of fees).

SO ORDERED, this 2d day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE